NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE RAY MAZON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7126

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-651, Judge William A. Moorman.

---

Decided: December 10, 2010

---

WILLIE RAY MAZON, La Grange, Texas, pro se.

KENT C. KIFFNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were

MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and Y. KEN LEE, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before LOURIE, SCHALL, and BRYSON, *Circuit Judges*.

PER CURIAM.

## DECISION

Willie Ray Mazon appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") finding no clear and unmistakable error ("CUE") in a 2002 Board decision denying Mr. Mazon an effective date earlier than March 21, 1989, for his service connected psychiatric disability. *Mazon v. Shinseki*, No. 08-0651 (Vet. App. June 30, 2010). We *dismiss* the appeal for lack of jurisdiction.

## DISCUSSION

### I.

Mr. Mazon served on active duty with the United States Army from August to November of 1976. On March 21, 1989, he submitted a claim to the Waco Regional Office ("RO") of the Department of Veterans Affairs ("VA") seeking service connection for mental illness. Subsequently, in November of 1990, the VA awarded Mr. Mazon service connection for psychiatric disability, and in May of 1991, the VA rated his disability noncompensable, effective March 21, 1989, the date he submitted his claim to the RO. After subsequent proceedings, the VA increased the disability rating to 100 percent, effective March 21, 1989. In March of 2002, the Board denied Mr.

Mazon's claim for an earlier effective date, *In re Mazon*, No. 92-17 859 (Bd. Vet. App. Mar. 21, 2002), and on January 15, 2008, the Board denied his claim of CUE in the 2002 decision. *In re Mazon*, No. 05-31 243 (Bd. Vet. App. Jan. 15, 2008). The Board's 2008 decision denying Mr. Mazon's CUE claim was affirmed by the Veterans Court on June 30, 2010, *Mazon v. Shinseki*, No. 08-0651 (Vet. App. June 30, 2010), and Mr. Mazon timely appealed that decision.

## II.

This court's ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal from a decision of the Veterans Court presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In his brief on appeal, Mr. Mazon acknowledges that the decision of the Veterans Court did not involve the validity or interpretation of a statute or regulation. He also acknowledges that the Veterans Court did not decide any constitutional issues. At the same time, he does not raise any constitutional issue, any issue concerning a rule

of law, or any challenge to the validity or interpretation of any statute or regulation relied upon by the Veterans Court. Rather, he challenges the court's affirmance of the Board's denial of his CUE claim by generally arguing that he should have received an effective date earlier than March 21, 1989. This line of argument, however, involves a clear application of law (the law governing the effective date of a claim) to the facts of a particular case (Mr. Mazon's mental condition and his claim based upon that condition). For that reason, Mr. Mazon's claim is beyond the scope of our jurisdiction.

For the foregoing reasons, the appeal is dismissed.

No costs.

**DISMISSED**